**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARETTA EARLS-ROZELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:22-CV-03394 |
| v. | ) | |
| | ) | |
| ERHARD CHORLE, JOHN BRAGG, | ) | Judge Edmond E. Chang |
| THOMAS JAYNE, and the RAILROAD | ) | |
| RETIREMENT BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Laretta Earls-Rozelle works for the Railroad Retirement Board. Earls-Rozelle alleges that the Board discriminated against her on the basis of race, color, and gender when it denied her a promotion in 2020. R. 5, Second Am. Compl.[1] The claims are premised on Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000(e) *et seq*, and the Equal Pay Act, 29 U.S.C. § 206(d). The Defendants—the Board, chairman of the Board Erhard Chorle, labor member John Bragg, and management member Thomas Jayne—moved to dismiss part of the Title VII claim for failure to exhaust administrative remedies. R. 12, Defs.' Mot.[2] The motion to dismiss is granted: the

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331.

[2]The dismissal motion also targeted the Equal Pay Act claim for lack of subject matter jurisdiction, but Earls-Rozelle will be fixing the jurisdictional allegation after this decision is posted. R. 20, Order 11/14/22.

discrimination claim is limited to the single 2020 promotion that has been properly exhausted.

## I. Background

As explained later in this Opinion, the Defendants' motion to dismiss is really a motion for judgment on the pleadings under Civil Rule 12(c). The Court thus accepts all well-pled allegations in the Complaint as true and views the facts in the light most favorable to Earls-Rozelle, who is the non-moving party. *See Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).

Earls-Rozelle is female, dark-skinned, and African-American. Second Am. Compl. ¶ 10. She began working for the Railroad Retirement Board as a Claims Examiner Trainee in 1987, and currently works as a Supervisory Analyst. *Id.* ¶¶ 10–12. In December 2019, the Board posted a position internally and externally to hire a Chief of Compensation & Employer Services. *Id.* ¶ 17. The next month, Earls-Rozelle started working as the acting Chief and applied for the permanent role. *Id.* ¶¶ 18, 19. Seven months later, in July 2020, Earls-Rozelle had two interviews for the job—but she was not selected. *Id.* ¶¶ 23–27. Earls-Rozelle received notice of the selected candidate in August 2020 and made a Freedom of Information Act request to learn about this person. *Id.* ¶¶ 28, 30. She found out that the new Chief was a white male with less experience and qualifications than her. *Id.* ¶ 32. Her complaint to the Board's Office of Equal Opportunity further specifies that the internal and external postings had different hiring criteria and Earls-Rozelle's interviewers told her that they were

looking for someone "Zen like Nathaniel Coleman" (the former male Chief). R. 5-1, Second Am. Compl., Exh. A.

Beyond the details of the 2020 hiring process for the Chief of Compensation & Employer Services, Earls-Rozelle also alleges more generally in the Complaint that "she has witnessed several African American[s] being passed over for advancement opportunities" and she herself has been "passed over for advancement opportunities." Second Am. Compl. ¶¶ 15, 16. For the gender-discrimination claim, Earls-Rozelle alleges that "she was often passed over for promotions and those positions would go to males who were less educated and less qualified than" her, and "[t]his occurred as late as 2020." *Id.* ¶ 45. Same for the race-discrimination claim: it alleges that Earls-Rozelle was "passed over for promotions and those positions would go to non-Blacks who were less educated and less qualified than" her, and "[t]his occurred as late as 2020." *Id.* ¶ 53.

Earls-Rozelle filed an internal complaint with the Board in September 2020 and then a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) the next month. Second Am. Compl. ¶¶ 36, 37; *Id.*, Exh. A.[3] In the internal complaint, Earls-Rozelle checked boxes for race, color, sex, and age as the bases for the alleged discrimination, and described the alleged discriminatory acts

---

[3]Exhibit A to the Second Amended Complaint is a Complaint of Discrimination to the Office of Equal Opportunity of the Railroad Retirement Board. Both parties, however, refer to it as the "EEOC" Charge and cite Exhibit A as though it were a charge that Earls-Rozelle filed with the EEOC. *See, e.g.*, R. 15, Pl.'s Resp. at 3–4 (citing Exhibit A when referring to the "formal discrimination claim with the … EEOC"); R. 13, Defs.' Mem. at 6 (describing "Earls-Rozelle's EEOC complaint, attached as Exhibit A to the amended complaint"). For clarity's sake, this Opinion follows the parties in labelling the internal EEO complaint as an EEOC Charge.

involved in the hiring process for the Chief of Compensation & Employer Services. Second Am. Compl., Exh. A. She did not state that she had any prior experiences of discrimination in promotion decisions, or in any other context during her employment. *See id.*

## II. Standard of Review

The Defendants argue that Earls-Rozelle failed to exhaust administrative remedies for anything other than the 2020 Chief promotion, and the defense styles its dismissal motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. But failure to exhaust is an affirmative defense, so a Rule 12(b)(6) motion—which tests the adequacy of the allegations to state a valid claim—is inapt, because plaintiffs need not plead around affirmative defenses in a complaint. *Mosely v. Bd. of Educ. of the City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006). The proper vehicle to assert lack of exhaustion (if it is to be considered at the pleading stage) is a Rule 12(c) motion for judgment on the pleadings. If discovery is not needed to resolve the exhaustion defense, and "if the allegations of the complaint [viewed] in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim," *id.*, only then may the Court consider the motion at the pleading stage.

Earls-Rozelle argues that the Defendants' affirmative defense should not be considered at this stage. R. 15, Pl.'s Resp. at 6. But Earls-Rozelle offers no reason that additional facts or discovery are needed to decide the defense. In the operative pleading, Earls-Rozelle asserted that she "is filing her Complaint timely" after waiting 180

4

days for her appeal before the EEOC. Second Am. Compl. ¶¶ 8, 9. She also attached her complaint to the Board's Office of Equal Opportunity (and as previously noted, *see supra* at 3 n.3, the parties label the internal complaint as an EEOC Charge) as Exhibit A to her Complaint. *Id.*, Exh. A. She has not suggested in the Complaint or brief that any facts are missing from the record that would affect the exhaustion defense. *See* Second Am. Compl; Pl.'s Resp. So the Court can decide the exhaustion defense because "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense …." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Put another way, "when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings—on the basis of an affirmative defense." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (cleaned up).[4]

Generally speaking, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes*, 670 F.3d at 813. In deciding a motion for judgment on the pleadings, the Court must accept all well-pled allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party cannot prove any set of facts sufficient to support the claim for relief. *Id.* In deciding a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any documents

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## III. Analysis

"In general, a plaintiff can only bring claims under Title VII … that [s]he has included in the original charge filed with the Equal Employment Opportunity Commission …. This limitation serves two purposes. It affords the employer some notice of the conduct underlying the employee's allegation. It also affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019) (cleaned up). The Defendants argue that Earls-Rozelle failed to exhaust her administrative remedies for the allegations that she "was often passed over for promotions" because she only discussed the hiring process for the Chief role in 2020 in her EEOC Charge, and did not mention any other promotion decisions. Defs.' Mem. at 6; Second Am. Compl. ¶¶ 45, 53. Earls-Rozelle responds that because her allegations about other instances when she was not promoted are "like or reasonably related" to the allegations in her EEOC Charge, she has exhausted her administrative remedies on all claims. Pl.'s Resp. at 7.

"Claims are 'like or reasonably related' when (1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (cleaned up). "The charge and complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* (cleaned up)

6

(emphases in original). Having said that, because EEOC charges are generally filed by nonlawyers, the charges are construed liberally, and a "plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

Earls-Rozelle argues that the same "human resource managers" and the same conduct—by which she means refusals to promote her—are implicated in the claims contested by the Defendants. Pl.'s Resp. at 7. But the EEOC Charge is limited to the single 2020 refusal to promote. The Charge describes in detail the hiring process for the Chief of Compensation & Employer Services in 2019 and 2020, including who the interviewers were (Crystal Coleman and Kimberly Price), the statements they made, and the internal and external hiring criteria the Railroad Retirement Board used for the position. Second Am. Compl., Exh. A. In contrast, the EEOC Charge neither says explicitly nor supports any reasonable inference that the Board engaged in repeated discriminatory conduct for other promotions—or for any other employment decision. It would be a different story if the Charge even generally and broadly asserted that Earls-Rozelle had been passed over for "other promotions." But the Charge did not do that. In effect, deeming the other promotion claims as sufficiently exhausted under these circumstances would mean that any allegation in an EEOC charge against a decisionmaker automatically exhausts any challenge to any other decision made by that decisionmaker—even if the charge says nothing about the other decisions. That would not serve the purposes of the exhaustion requirement, namely, to provide no-tice to the employer and the EEOC, and to give the parties a chance at settling the

7

dispute. Earls-Rozelle did not exhaust administrative remedies for challenges against promotion decisions other than the hiring process for the Chief of Compensation & Employer Services.

## IV. Conclusion

The Defendants' partial motion to dismiss is granted (formally without prejudice because the dismissal is based on a lack of exhaustion and not the merits, though the decision on exhaustion is final).[5] The discrimination claims based on promotion decisions outside of the hiring process for the Chief of Compensation & Employer Services in 2020 are dismissed. Only the decision not to promote Earls-Rozelle to the Chief role may be a premise for liability. Having said that, the dismissal does not represent a prejudgment at this stage on whether other instances of alleged discrimination may be a proper basis for future *discovery* and evidence—as distinct from liability—in this case.

ENTERED:

_s/Edmond E. Chang_
Honorable Edmond E. Chang
United States District Judge

DATE: April 18, 2024

---

[5]Earls-Rozelle's Request for Decision, R. 33, is terminated as moot.

8