## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LARETTA EARLS-ROZELLE,        )
                                             )

                  Plaintiff,    )

                                           )

                  v.         )      2022 CV 3394

                                           )

ERHARD R. CHORLE', CHAIRMAN,    )
JOHN BRAGG, LABOR MEMBER, AND )
THOMAS R. JAYNE, MANAGEMENT    )
MEMBER, IN THEIR CAPACITIES,     )
RAILROAD RETIREMENT BOARD      )
              Defendant.      )

### THIRD AMENDED COMPLAINT OF
### EMPLOYMENT DISCRIMINATION

NOW COMES the Plaintiff, LARETTA EARLS-ROZELLE by and through her attorneys of HALL-JACKSON & ASSOCIATES, P.C., complains of the Defendant, Erhard R. Chorle', John Bragg, Thomas R. Jayne, in their official capacities, and RAILROAD RETIREMENT BOARD, as follows:

### INTRODUCTION

1. This is an action for employment discrimination based on color, race, and gender brought under Title VII. Also, to redress Defendant's unlawful employment practices against Plaintiff.

### JURISDICTION AND
### VENUE

2. Jurisdiction over the statutory violation alleged is conferred as follows: Title VII race, color, and gender discrimination. This also includes a claim of discrimination under the Equal Pay Act (EPA).

3. Venue is proper in this district pursuant to 28 U.S.C § 1391 (b) because a substantial part of the events or omissions giving rise to this action.

### PARTIES

4. The Plaintiff is LARETTA EARLS-ROZELLE of the county of COOK, in the state of ILLINOIS.

5. The Defendant is RAILROAD RETIREMENT BOARD, ET AL., whose address is 844 N. Rush Street, Chicago, IL 60611.

1

**Procedural Background**

6.  On or about October 14, 2020, Plaintiff filed a formal complaint against Defendant with the Equal Employment Opportunity Commission (EEOC), alleging Defendant discriminated against her on the basis of her age, color, race, and gender and under the EPA.

7.  It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received.  The plaintiff has no reason to believe that this policy was not followed in this case.

8. On or about March 31, 2022, the Plaintiff received a notification that her appeal was closed prior to a final decision by the Commission of the EEOC pursuant to EEOC Regulation 29 C.F.R. 1614.407.

9. Plaintiff filed her original Complaint timely pursuant to EEOC Regulation 29 C.F.R. 1614.407.

## STATEMENT OF FACTS

10. LARETTA EARLS-ROZELLE is an African American dark skin woman who was hired by the Defendant on June 22, 1987.

11. The Plaintiff was initially employed by the Defendant as a Claims Examiner Trainee.

12.  She has held multiple positions through her career at the agency and currently holds the title of Supervisory Analyst.

13. Throughout her time with the Defendant, the Plaintiff has performed her work duties and responsibilities in Chicago, Illinois.

14. This includes the office at 844 North Rush, Chicago, Illinois 60611.

15. During the Plaintiff's time with the Defendant, the Plaintiff was passed over for an advancement opportunity.

16. On December 30, 2019, the GS-14/GS-15 Chief of Compensation & Employer Services position was posted internally and externally.

17. January 2020, the Plaintiff was required to perform the duties of the Chief of Compensation

& Employer Services in their absence.

18.  On January 7, 2020, the Plaintiff applied for the posted position of Chief of Compensation & Employer Services.

19. Plaintiff received email confirmation of her application and was rated eligible on or about January 16, 2020.

20. On January 17, 2020, the same position was reposted externally with modifications to duties and the removal of specialized experience for the role.

21. June 16, 2020, Plaintiff emails Director Kimberly Price to inquire when would the position be filled since it had been vacant for six months.

22. On July 2, 2020, the Plaintiff received an email scheduling a telephone interview for July 7, 2020, with Human Resources.

23. On July 7, 2020, the Plaintiff was interviewed by Responsible Management Official (RMO) one and two witnesses for the role of Chief of Compensation & Employer Services.

24. On July 16, 2020, the Plaintiff received an email scheduling an in-person interview for July 17, 2020, with Human Resources.

25. On July 17, 2020, the Plaintiff was interviewed by both RMO one, Director Kimberly Price and RMO two, Director Crystal Coleman.

26. On August 10, 2020, the Plaintiff was notified by Director Kimberly Price she was not selected for the position.

27. On August 13, 2020, the Plaintiff received a company-wide email advising all employees who was selected for the role effective August 17, 2020. This included a detailed description

3

of the selectee's background, education, and qualifications.

28. While reviewing the notice of employee selection and based on the Plaintiff's years of experience and familiarity of the role, Plaintiff noticed the selectee was hired for a job series not posted for external candidates. This required knowledge of the Railroad Retirement Act and the Railroad Unemployment Insurance Act.

29. Based on the notice of employee selection, the Plaintiff submitted a Freedom of Information Act (FOIA) request with her employer.

30. She received documents from her FOIA request on or about August 28, 2020.

31. The Plaintiff reviewed the FOIA documents and learned the person selected was a White Male with less experience and qualifications than her.

32. Based on Plaintiff's knowledge, familiarity, and longevity with the Defendant, Plaintiff noticed a systemic disparate treatment of women and women of color in the role she applied for.

33. As a result, the Plaintiff filed an internal and external complaint against her employer in 2020.

34. Based on personal experience, knowledge, and what the FOIA report revealed, she notified the Director of EEOC she wanted to file a Prohibited Personnel Practice complaint for the position of Chief of Compensation & Employer Service/

35. Plaintiff's formal external complaint was filed on or about August 31, 2020, with the Office of Special Counsel.

36. She also filed a formal charge of discrimination claim with the EEOC on or about

October 14, 2020.

37. The EEOC issued a Final Agency Decision on June 1, 2021.

38. The Plaintiff was not satisfied with the Final Agency Decision and appealed via the EEOC process.

39. After 180 days had passed and the Plaintiff had not received a final decision on the appeal, she opted to close her appeal with the EEOC and bring this civil action pursuant to EEOC Regulation 29 C.F.R. 1614.407.

**COUNT I-DISCRIMINATION ON THE BASIC OF GENDER**

40. Rule 42 USC Section 20002e-2, under Title VII of the Civil Rights Act of 1964, provides inpertinent part:

It shall be an unlawful employment practice for an employer to fail or refuse or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex or race.

41.     Plaintiff hereby repeats and realleges each and every allegation in paragraph 10-40, inclusive, as if fully set forth herein.

42. Defendant has discriminated against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, by denying her the same terms, conditions, and privileges of employment available to employees who are not female in her position, including but not limited to denying her the opportunity to work in an employment setting free of unlawful discrimination.

5

43.  While employed with the Defendant, the Plaintiff was subjected to different terms and conditions of her employment.

44.  The Plaintiff was passed over for the role of Chief of Compensation & Employer Service. The position went to a male who was less knowledgeable, less skilled, and less qualified than the Plaintiff.

45. Defendant has discriminated against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or correct unlawful discrimination.

46. As a direct and proximate result of Defendant's unlawful and unwelcomed conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer physically, severe anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

47. Defendant's unlawful and unwelcomed conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of damages.

## COUNT II-DISCRIMINATION ON THE BASIS OF RACE

48. Title VII of the Civil Rights Act of 1964, provides in pertinent part:

It shall be an unlawful employment practice for an employer to fail or refuse or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex or race.

49. Plaintiff hereby repeats and realleges each and every allegation in paragraph 10-48 inclusive, as if fully set forth herein.

50. Defendant has discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, by denying her the same terms, conditions, and privileges of employment available to employees who are not Black in her position, including but not limited to denying her the opportunity to work in an employment setting free of unlawful discrimination and advancement opportunities.

51. While employed with the Defendant, the Plaintiff was subjected to different terms and conditions of her employment.

52. The Plaintiff was passed over for promotion of the Chief of Compensation and Employer Service position. The position went to a non-Black who was less educated and less qualified than the Plaintiff.

53. Defendant has discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or correct unlawful discrimination.

54. As a direct and proximate result of Defendant's unlawful and unwelcomed conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continue to suffer physically, severe anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

55. Defendant's unlawful and unwelcomed conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of damages.

## COUNT III-DISCRIMINATION ON THE BASIS OF COLOR

56. Title VII of the Civil Rights Act of 1964, provides in pertinent part:

It shall be an unlawful employment practice for an employer to fail or refuse or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's color or race.

57. Plaintiff hereby repeats and realleges each and every allegation in paragraph 10-56 inclusive, as if fully set forth herein.

58. Defendant has discriminated against Plaintiff on the basis of her color in violation of Title VII of the Civil Rights Act of 1964, by denying her the same terms, conditions, and privileges of employment available to employees who are not of the dark skin hue in her position, including but not limited to denying her the opportunity to work in an employment setting free of unlawful discrimination and advancement opportunities.

59. While employed with the Defendant, the Plaintiff was subjected to different terms and conditions of her employment.

60. In August 2020, the Plaintiff was passed over for an advancement opportunity that was given to a White male.

61. The decision makers for the role were two African American females that identify as Tan and Brown.

62. The Plaintiff identifies as a Black woman with a darker hue than both decision makers.

63. Defendant has discriminated against Plaintiff on the basis of her color in violation of Title VII of the Civil Rights Act of 1964, by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or correct unlawful discrimination.

64. As a direct and proximate result of Defendant's unlawful and unwelcomed conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer physically, severe anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

65. Defendant's unlawful and unwelcomed conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of damages.

COUNT IV: VIOLATION OF THE EQUAL PAY ACT

66. Section 206(d)(1) of the Equal Pay Plaintiff hereby repeats and realleges each and every allegation in paragraph 10-65 inclusive,as if fully set forth herein.

67. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance

of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

68. Defendants have employed Plaintiff and male employees in jobs as GS 13, requiring substantially equal skill, effort, and responsibility.

69. Plaintiff and male employees performed their jobs under similar working conditions.

70. Plaintiff was paid a lower wage than the male employees doing substantially equal work.

71. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

72. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

73. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

74. In relation to the Equal Pay Act claim, Plaintiff is seeking $10,000 or less in damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enters judgment in her favor and against

Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Illinois;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and harassing treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect her employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable

attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

**DATE: June 11, 2024**

Respectfully submitted,
/s/ Chiquita Hall-Jackson

Chiquita Hall-Jackson, Esq.

Chiquita Hall-Jackson
Attorney for Plaintiff
Hall-Jackson & Associates, PLLC
180 W. Washington St., Suite 820
Chicago, IL 60602
312-255-7105

12